**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000778
21-MAR-2013
10:11 AM**

NO. CAAP-11-0000778

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I


DEUTSCHE BANK NATIONAL TRUST COMPANY,
a National Banking Association, as Trustee for
American Home Mortgage Assets Trust 2007-1
Mortgage-Backed Pass-Through Certificates,
Series 2007-1, Plaintiff-Appellee,
v.
BRENDA L.V. KAOHELAULII and LAMBERT K. KAOHELAULII,
Defendants-Appellants,
and
JOHN DOES 1-50; AND JANE DOES 1-50, Defendants


APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
(DC CIVIL NO. 11-1-0778)


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Defendants-Appellants Lambert K. Kaohelaulii and Brenda L.V. Kaohelaulii ("Kaohelauliis") appeal from the September 27, 2011 Judgment for Possession[1] entered by the District Court of the Second Circuit ("District Court").[2] The District Court held that Plaintiff-Appellee Deutsche Bank National Trust Company ("Deutsche Bank"), as Trustee for American Home Mortgage Assets

---

[1] Referring to the document as "the judgment," the Kaohelauliis designated the September 27, 2011 Order 1) Granting Plaintiff's Motion for Summary Judgment and Writ of Possession Filed May 12, 2011 and 2) Denying Defendants' Motion to Dismiss Plaintiff's Verified Complaint for Ejectment Filed July 1, 2011 as the document appealed from. However, Hawai‘i appellate courts have generally held that "a mistake in designating the judgment . . . should not result in the loss of the appeal as long as the intention to appeal from a specific judgment can be fairly inferred from the notice and the appellee is not misled by the mistake." *State v. Graybeard*, 93 Hawai‘i 513, 516, 6 P.3d 385, 388 (App. 2000) (internal quotation marks omitted) (quoting *City & Cnty. of Honolulu v. Midkiff,* 57 Haw. 273, 275-76, 554 P.2d 233, 235 (1976)).

[2] The Honorable Mimi DesJardins presided.

Trust 2007-1 Mortgage Backed Pass-Through Certificates, Series 2007-1 was entitled to possession of real property located 22 Kealohilani Street in Kahului ("Subject Property") and entered a Writ of Possession on September 27, 2011.

On appeal, the Kaohelauliis contend that Deutsche Bank's complaint should have been dismissed for want of subject matter jurisdiction under Hawaii Revised Statutes ("HRS") § 604-5(d) (Supp. 2011) and District Court Rules of Civil Procedure ("DCRCP") Rule 12.1. The Kaohelauliis also contend that the District Court erred in granting the Plaintiff's motion for summary judgment.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we conclude that the Kaohelauliis' appeal is without merit.

The Kaohelauliis contend that the District Court lacked subject matter jurisdiction under HRS § 604-5(d) and DCRCP Rule 12.1 because the action concerns a title dispute.

Under HRS 604-5(d), the District Court lacks subject matter jurisdiction over matters of title to real estate. Under DCRCP Rule 12.1, defendants may raise a title dispute as a defense. DCRCP Rule 12.1 sets out requirements to prevent abuse of this defense. *Deutsche Bank Nat'l Trust Co. v. Peelua*, 126 Hawai'i 32, 36, 265 P.3d 1128, 1132 (2011).

The Kaohelauliis declaration and attached exhibits failed to satisfy the DCRCP Rule 12.1 requirements for raising an issue of title. Rule 12.1 requires a defendant to provide an affidavit stating the "source, nature, and extent of the title claimed by defendant" and "further particulars as shall fully apprise the court of the nature of defendant's claim." Dist. Ct. R. Civ. P. 12.1. (2012). The purpose of the affidavit is to provide the court with information to discern the interest claimed by the defendant. *Peelua*, 126 Hawai'i at 37, 265 P.3d at 1133. Bare assertions are insufficient to sustain a claim that title is at issue so as to divest the District Court of jurisdiction. *Id.* at 38, 265 P.3d at 1134.

Here, the Kaohelauliis' declaration failed to provide any particulars about the source, nature, or extent of their title, saying only that they "believed [they] owned title to the Subject Property . . . ." The Kaohelauliis failed to state that they held, or even ever had, title to the Subject Property. Instead, in essence, the Kaohelauliis tried to impeach their own title to the Subject Property in an attempt to prove that they could not have validly mortgaged the property in the first place. *See Uy v. Wells Fargo Bank, N.A.*, Civ. No. 10-00204 ACK-RLP, 2011 WL 1235590, at *5 n.16 (D. Haw. Mar. 28, 2011) (rejecting a practically identical argument that, under "Hawaiʻi Kingdom law," plaintiff's own claim to title was deficient). The Kaohelauliis' declaration is insufficient; therefore, they failed to show that the District Court lacked subject matter jurisdiction. *See, e.g., Kauai Cmty. Fed. Credit Union v. Pia*, No. CAAP-11-0000823, 2013 WL 135423 (Haw. App. Jan. 7, 2013) (SDO); *Peelua*, 126 Hawaiʻi at 37-38, 265 P.3d at 1133-34.

In addition to their argument concerning subject matter jurisdiction, the Kaohelauliis impeach their own claim to title in order to impair Deutsche Bank's quitclaim deed and thereby argue that Deutsche Bank did not present an adequate claim to title to warrant the District Court's grant of summary judgment. This argument is without merit. *See Uy*, 2011 WL 1235590, at *5 n.16.; *cf. State v. Kaulia*, 128 Hawaiʻi 479, ___, 291 P.3d 377, 385 (2013).

Therefore, the September 27, 2011 Judgment for Possession is affirmed.

DATED: Honolulu, Hawaiʻi, March 21, 2013.

On the briefs:

Charles R. Prather and
Sofia M. Hirosane
for Plaintiff-Appellee

Lambert K. Kaohelaulii and
Brenda L.V. Kaohelaulii,
Pro Se Defendants-Appellants

Presiding Judge

Associate Judge

Associate Judge